THE LESSEE OF JOHN BISHOP ET AL. *v.* BENJAMIN MCMULLEN ET AL.

There is no inflexible rule for running the open or lost lines of a survey. Each case depends on its own circumstances.

THIS is an action of ejectment, brought in Logan county, and reserved for decision by this court. It was submitted upon an agreed statement of facts, accompanied by a plat. The material facts are stated in the opinion of the court, from which a plat may easily be drawn. It is therefore deemed unnecessary to engrave the plat.

*Wm. Lawrence*, for the plaintiff.

It is the duty of the court to construe the survey. 4 T. B. Monroe 34, 63 ; 1 U. S. Dig. 474, sec. 14.

The primary and chief rule of construction is to ascertain the intention of the locator, or surveyor, who made the survey. *Lyon* v. *Ross*, 1 Bibb 466 ; 7 Pet. 171 ; *Preston* v. *Bowman*, 2 Bibb 493, 495—8 ; 4 Dana 322 ; *Calvert* v. *Fitzgerald*, 6 Littell's Select Cases 391 ; *Blake* v. *Talbott*, 6 Mon. 182.

There is no universal rule of construction ; the determination of every case depends upon circumstances. 6 Wheat. 580 ; *Preston* v. *Bowman*, supra ; 2 Greenleaf's Cruise, vol. 4, 379, notes.

The court will always, where it is possible, preserve parallel lines to a survey where the calls are parallel. *Massie* v. *Watts,*

6 Cranch 148; 2 Bibb 493—8; *Holmes* v. *Trout*, 7 Pet. 171; *Pearson* v. *Baker*, 4 Dana 323; *Balston* v. *McLung*, 2 Dana; 4 J. J. Marsh. 278; 3 Bibb, index, 557, and cases cited; 1 Greenleaf's Ev., secs. 277, 283, 292, 295.

Distance often prevails over course. *Preston* v. *Bowman*, supra; *Blight* v. *Axtell*, 4 J. J. Marsh. 278.

A line, as found, is a contemporaneous explanation of " the intention of the surveyor." 1 Greenleaf's Ev., sec. 283; 13 Pick. 267; 12 Mass. 469; Ib. 207; Cowen & Hill's Notes to Phillips on Ev., note 939, p. 1363.

The plan of fixing a lost corner by the intersection of courses of called lines, is only resorted to when *diagonal corners alone* are left to guide. But where three corners of a square survey are known to exist, as in this case, the rule is to square the survey by running parallel lines. 2 Bibb 493—495; *Wishart* v. *Cosby*, 1 A. K. Marsh. 382; *Thornley* v. *Churchill*, 4 Mon. 29; *Johnson* v. *Grabar*, 5 Dana 543; *Blight* v. *Axtell*, 4 J. J. Marsh. 278; 4 Dana 325; 6 Lit. Select Cases 391.

*Stanton & Allison*, for defendants.

Survey No. 3230, can have no effect in determining this question.

It is a universal rule, that where there is no conflict between course and distance, the courses and distances called for must govern, unless a monument compels a change. *Huston* v. *McArthur*, 7 O. R. (Pt. 2) 61; *McCoy* v. *Galloway*, 3 O. R. 284; *Avery's Lessee* v. *Baum*, Wright·576; Ib. 171; *Smith* v. *Miller*, 2 Wheat. 316; *Lessee of Nelson* v. *Hall*, 1 McLean 519; *Bryan* v. *Beckley*, Littell's Select Cases 91; *Wishart* v. *Cosby*, 1 A. K. Marsh. 382; *Martin* v. *Simpson*, Harper 454; *Dimmett* v. *Lashbrook*, 2 Dana 2; *Cowan* v. *Fauntleroy*, 2 Bibb 261; *Mercer* v. *Bates*, 4 J. J. Marsh. 343; *Thornberry* v. *Churchill*, 4 T. B. Mon. 29.

Except under peculiar circumstances, distance yields to course. *Bryan* v. *Beckley*, supra; *Pearson* v. *Baker*, 4 Dana 323.

That construction is to prevail which is most against the party

claiming under an uncertain survey. *Pearson* v. *Baker*, supra; *Preston* v. *Bowman*, 2 Bibb 493, S. C.; 6 Wheat. 581.

A title founded upon a doubtful hypothesis, ought not to succeed against the possession alone, where the party claiming under the doubtful title is plaintiff. *Preston* v. *Bowman*, and *Thornberry* v. *Churchill*, supra; *Lessee of Muhlenberg* v. *Florence*, 5 O. R. 248.

THURMAN, C. J. The plaintiff claims under survey No. 3228; the defendants under No. 9679. The former was first patented, and if the land in controversy is a part of it, the plaintiff is entitled to recover; otherwise not. The case is decided by fixing the east line of the survey.

By the agreed case, it appears that surveys Nos. 3226, 3228 and 3230, were made on the same day—June 1, 1798—and by the same surveyor, for one Smith, the owner. They are each, according to their respective calls, of the same size and form, namely, one mile square; and the southern boundary of 3226 is the northern boundary of 3228, and the southern boundary of the latter is the northern boundary of 3230. The three surveys, taken as a whole, form, then, according to their calls, a rectangle three miles long by one mile wide; No. 3228 being the middle survey. The corners at the termini of the eastern three mile boundary—to wit, the N. E. corner of 3226 and the S. E. corner of 3230—are standing; and in a straight line connecting them, is found the S. E. corner of 3226, which is the N. E. corner of 3228. But a part only of this three mile boundary was actually run and marked, to wit: the northern mile thereof, being the eastern boundary of 3226; leaving the other two miles—the eastern boundary of 3228 and 3230—unsurveyed. Nor was the southern boundary of 3228 surveyed, nor the S. E. corner thereof marked. Hence arises the question upon which the case turns, namely: how shall this S. E. corner be fixed? for that once fixed, the eastern boundary of the survey becomes thereby fixed.

On the part of the plaintiff, it is contended that the open lines of 3228 should be run parallel to the surveyed lines thereof, and the corner fixed at their intersection; thereby preserving the

square form of the survey. Or, that the corner should be placed in a straight line between the standing corners at the termini of the three-mile boundary, which would make the survey very nearly a square.

For the defendants, it is claimed that the open lines shall be run from the known corners of 3228, the courses called for in the patent, making a proper allowance for the variation of the compass, as ascertained by resurveys generally, and the corner fixed at their intersection when thus run.

If the east line be run parallel to the west line, the survey, at its S. E. corner, will be projected about four poles east of the three-mile straight line before mentioned. If it be run, as claimed by the defendants, the corner will be thirteen poles west of that line. So that, if either of these modes be adopted, the three-mile boundary will not be a straight line.

The lines actually surveyed exceed, by a few poles, the distances called for; but if the survey be closed as claimed by the defendant, its southern boundary will be three poles short of the distance called for. If closed by running the east line parallel to the west line, the southern boundary will be fourteen poles longer than called for; if the corner be placed in the three-mile straight line, the excess in the southern boundary will be ten poles.

The defendants rely on the general doctrine, that where a corner of a survey and the two lines running to it were never marked, or have become lost and cannot be proved, the survey is to be closed by running from the known corners the courses called for in the patent, making the proper allowance for the variation of the compass. But here arises an important inquiry, namely: Is the variation of the compass to be ascertained by resurveys generally, in the neighborhood, or by a resurvey of the lines of the particular survey that were actually run at its date? If the former variation be applied in this case, the defendants will prevail; if the latter, the case is with the plaintiff.

Now, in our judgment, there is no inflexible rule on this subject, but the circumstances of each case must determine which of these variations shall be applied. An inflexible rule was once

established by statute, to wit, that the variation, ascertained from an existing line of the particular survey, should govern (2 Chase 996, sec. 7), but this law was wisely repealed; for although it prescribed a rule that in many, perhaps most, cases would be correct, yet there are cases in which it would be wrong. For the lines of a survey may have been run at different times; or with different instruments; or by different surveyors, differing in accuracy; or a mistake may have occurred, either in running a line or making a note of its bearing; or the circumstances of the case may plainly show that the particular variation is not the true one to be applied. Besides, the statute was defective in prescribing the variation, as found upon *any* known line, for the variation is often different upon different lines, though run at the same time; and to ascertain it by resurveying any one line—instead of getting the average variation of all the lines actually run at the date of the original survey—was to let the surveyor, by accident or design, prefer one variation to another, wholly irrespective of the circumstances of the case.

In the case before us, the three surveys were made on the same day, June 1, 1798, and, according to the record and patents, their eastern and western boundaries then bore N. 20° W. from the magnetic meridian—surveys in the Virginia Military District being run by that meridian. The magnetic meridian in this part of the country then bore to the east of the true meridian, but they have been approximating ever since; so that the variation is now, according to the agreed case, from a degree to a degree and a half less than it was in 1798—say a degree and a quarter. It would result from these premises, that the boundaries above mentioned ought now to bear N. 18¾° W.; but instead of this, the eastern boundary of 3226 is found to bear N. 21½ W., and the western boundary of 3228, N. 22¼ W. This discrepancy would give room to suspect that there is a mistake in the resurvey, which forms a part of the agreed case, were it not that both the resurveyed lines have a more westerly bearing than the patent calls, whereas their present departure should be less. Be this however as it may, we have nothing but the agreed case upon which to found our decision.

Lessee of Bishop et al. *v.* McMullen et al.

In determining which variation to adopt, we think that all three of the surveys—made on the same day, by the same surveyor, and for the same owner—may properly be looked at.

In view then of all the facts, we are of the opinion, that the S. E. corner of 3228 should be fixed in a straight line, drawn from the known N. E. corner of that survey to the S. E. corner of 3230.

To do this, will be to apply the variation as found upon the actually-run eastern boundary of 3226, and will make the eastern boundary of the three surveys a straight line—which it was the evident intention of the locator to do.

It will preserve the rectangular form of the survey better than would the mode contended for by the defendants.

It will give to its southern boundary a length nearly coinciding with that of its northern boundary; while the defendants' mode would curtail the length called for in the patent.

Nor can it be objected, with reason, that our mode takes the variation of a single line—the eastern boundary of 3226—while the variation of the other resurveyed line—the western boundary of 3228—is different; for there is nothing in the case to show that the variation of the latter more nearly corresponds with the average variation of all the originally surveyed lines. The presumption, we think, from the facts stated, is the contrary. But, as before said, each case must depend on its own circumstances; and hence the average variation is not always the true one to be applied. It is obviously important to have certain rules for cases of this sort; but an inflexible rule is impossible without often defeating the locator's intention, and working injustice.

*Judgment for the plaintiff.*