Baine and wife *v.* Bickett and wife.

---

THOMAS BAINE AND WIFE *v.* JOHN BICKETT AND WIFE.

A married woman, tenant for years, may, by joining her husband with her, maintain a suit against the lessor for the specific performance of a contract to convey the fee to her, and when the purchase money is paid, can compel the execution of a conveyance, in the absence of a covenant to do so sooner.

The lessor encourages the permanent improvement of property by tenants for years, in expectation of their being allowed to purchase the fee, and afterward contracted accordingly.

*Held,* that the estoppel against his afterward refusing to convey the fee, on the ground that the plaintiff was a married woman, ran with the land, and a subsequent purchaser from him, advised of all the facts, was bound thereby.

ERROR TO SPECIAL TERM.—The facts appear in the opinion of the court.

*Yaple & Healy,* for plaintiff in error.

*C. D. Coffin,* contra.

C. S. C. REP.—11

HAGANS, J.   This cause presents the same facts and questions as *White* v. *Bickett,* reported post p. 170, with the additional question—the lease having been made to one Honohan, and now, by regular assignment, having become vested in Mrs. Baine, whether the court could enforce the contract in her favor.   It was claimed that this could not be done, as she was a married woman, and that there was no mutuality in the contract.

The proof shows that Thomas Baine attended both meetings of the tenants on the 13th and 14th of February, acting in behalf of himself and his wife, and he would be bound to pay for the land.   There was a cottage on the lot in controversy, worth $1,500 or $1,600, put there under the same circumstances stated in *White* v. *Bickett.*   In all other respects this case stands on the same footing as that.

Is this contract then wholly inoperative so far as the wife is concerned?   We think not.   The terms of the contract do not require that either a deed should be executed by Bickett on the one hand, or notes or mortgages by the renters on the other.   Bickett, by retaining the title, has adequate security for the performance of the contract as to the payment of the purchase money, and when the contract is once completed by the plaintiff he will be bound to convey.   And there seems to be no sufficient reason, under the circumstances, that Mrs. Baine should be deprived of the advantage of this contract, having tendered $400, and being willing, ready, and able to pay the balance as it matures, simply because she is a married woman, unless there is some plain opposing principle.   It would, it seems to us, be unjust in the highest degree, to give Bickett, after all that appears in this case, the benefit of those expenditures without cost to him, especially when they add to his security for the faithful performance of the terms of the contract, and indeed, together with the money partly paid, give him the means on his part to enforce it against the plaintiffs, while the bringing of this suit gives him the right to do so.

We think this a clear case for the application of the doctrine of an estoppel *in pais.* There can be no doubt but that both Archbishop Purcell, while he owned this land, and Bickett, while acting as his agent, and as owner of these leases, encouraged these tenants to make substantial improvements on their respective lots, in hope and under the promise of the right to buy the fee at a fair price. And with a full knowledge of all these facts, the contract of February 14th was made with Mrs. Baine, by which these hopes were rendered absolute and certain. Certainly the archbishop would have been estopped from setting up the defense made by Bickett in this case. In good faith the archbishop would be bound to carry out the understanding if he now owned the property. To hold otherwise would be to hold that he would have the right to perpetrate a fraud on this plaintiff, which it is the very purpose of an estoppel to prevent. For, on the faith of this understanding, these tenants erected substantial improvements. There was a change of conduct on their part, which would not have occurred but for these promises. (*McAfferty* v. *Conover*, 7 Ohio St. 99; *Morgan* v. *Spangler*, 14 Ohio St. 102.)

A party will be concluded from denying his own acts or declarations, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter. And in such a case, in good conscience and honesty, the party ought not to be permitted to gainsay his admission. And this obligation thus imposed upon Archbishop Purcell, the propriety and force of which he always recognized, must be equally binding upon Bickett, who is his grantee and privy. His title is subject to all the consequences of the state of things at the time of the conveyance to him. For these consequences adhere to the land and are transmitted with the estate, and Bickett, when he acquired the title, took it subject to the burden which the existence of the facts imposed upon it, of which he was fully advised.

(*Douglass* v. *Scott*, 5 Ohio St. 19; *Bococh and Wife* v. *Gavey*, 8 Ohio St. 270; *Kitzmiller* v. *VanRensselaer*, 10 Ohio St. 63.)

Other considerations were adverted to on the argument, but they do not conflict with the views we have expressed.

Judgment affirmed.